Argued and submitted September 21, affirmed October 20, 2021

Michael SELLERS,
*Plaintiff-Appellant,*

*v.*

OREGON JUDICIAL DEPARTMENT,
a subdivision of the State of Oregon,
*Defendant-Respondent.*

Josephine County Circuit Court
19CV45212; A174844

500 P3d 760

Timothy C. Gerking, Judge.

Sean J. Riddell argued the cause and filed the briefs for appellant.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiff appeals from a judgment dismissing his claim of an unlawful employment practice based on defendant's alleged violation of the requirement for a veterans' preference in public employment. *See* ORS 659A.082 (discrimination against uniformed service workers); ORS 408.230 - 408.237 (veterans' preference in civil service). The trial court dismissed plaintiff's claim on the ground that plaintiff had failed to provide a tort claim notice within 180 days of the time when he reasonably should have discovered his claim. *See* ORS 30.275(1), (2) (notice required within 180 days of loss or injury).

Plaintiff assigns two errors on appeal. First, plaintiff argues that the trial court abused its discretion when, pursuant to ORCP 47 C, the trial court modified the 60-day deadline to permit defendant to file a motion for summary judgment 39 days before trial. We reject that argument without discussion. Second, plaintiff argues that the trial court erred in granting summary judgment because, in plaintiff's view, he did give tort claim notice and there was a genuine issue of material fact whether he reasonably should have discovered his claim at an earlier date that would bar his claim. We disagree and affirm.

On review of a decision that grants summary judgment for defendant, we review for errors of law, and we construe the facts in the light most favorable to plaintiff as the nonmoving party. *See Buchwalter-Drumm v. Dept. of Human Services*, 288 Or App 64, 66-67, 404 P3d 959 (2017) (reciting summary judgment standard). In an action arising from any act or omission of a public entity, plaintiff has the burden of proving that notice of claim was given as required by the Oregon Tort Claims Act (OTCA). ORS 30.275(7).

We review the facts only briefly because a full explication of the facts or arguments would not benefit the bench, bar, or public. In May 2018, defendant posted a job announcement for the position of trial court administrator (TCA) of Josephine County Circuit Court. The announcement stated that the initial interviews would occur on July 18 and 19 and the second-round interviews would occur in the week of July 30, 2018. Plaintiff, a veteran, submitted

an application for the position and was not interviewed. On August 24, 2018, plaintiff sent a text message to a manager of the local court citing ORS 408.237 and stating, "When an interview is a component of the selection process for a civil service position or for an eligibility list for a civil service position, a public employer shall interview each veteran."[1] Nine months later, in May 2019, plaintiff requested information about the status of the position, expressing concern that a veteran's preference had not been applied. On June 4, 2019, defendant sent plaintiff a letter that advised him that the position had been filled. On June 17, 2019, plaintiff gave tort claim notice. Plaintiff filed a complaint alleging, among other things, that defendant failed to use a process that complied with ORS 408.230 and ORS 408.237 and, in turn, failed to provide him an interview.

In consideration of defendant's motion for summary judgment, the trial court concluded that the undisputed facts demonstrate that plaintiff knew that the planned dates for interviews had passed, that by August 24, 2018, he believed that he should have been interviewed, and that he had not been interviewed. The court observed:

> "It was at that point that he knew all the salient facts that raised a substantial possibility in his mind that he had been harmed. At the very least, that is the date that he would have been under a duty to investigate further[.]"

The observation was apt. Where circumstances trigger a duty to inquire, the court must consider what facts would have been uncovered if such an inquiry had been made. *Foster Group, Inc. v. City of Elgin*, 264 Or App 424, 432, 332 P3d 354 (2014). Actual discovery of knowledge of a claim is not required. *Curzi v. Oregon State Lottery*, 286 Or App 254, 262-63, 398 P3d 977, *rev den*, 362 Or 175 (2017). The 180-day period of the OTCA begins to run when a person in the exercise of reasonable care should have known of his claim. *Foster Group, Inc.*, 264 Or App at 431.

---

[1] Plaintiff does not remember, and therefore disputes, the declaration of a court manager Fitzgerald that, at a social gathering on August 24, 2018, she told plaintiff that someone else was hired for the position. In his deposition, he testified that the topic of the TCA position "came up." We regard as a disputed fact whether he was told the position was filled.

An allegation of a violation of Oregon's mandate for the veterans' preference in civil service is a serious one, but we must conclude that the trial court did not err when granting defendant's motion for summary judgment because plaintiff's notice of tort claim was many months late.

Affirmed.